GEORGE A. PECK v. S. H. MANNING and E. E. BURRISS.

*Evidence— Witness—Sale—Security—Deed.*

1. Where, for the purpose of impeaching a witness, an instrument exe-
   cuted by him containing alleged contradictory statements, was
   introduced, it was competent to permit the witness, by way of
   explanation, to testify that the instrument, although an absolute
   conveyance upon its face, was in fact intended as a security for a
   loan.

2. In determining whether a deed conveying property, absolute in its
   terms, was intended as a security only, it is competent to show
   that the vendor remained in possession, exercised control over it
   and that the vendee treated it as a security.

CIVIL ACTION, tried before *Philips, J.,* at Fall Term, 1887,
of the Superior Court of NEW HANOVER.

It is alleged and admitted that the defendant is Sheriff of
New Hanover County, and as such had in his hands execu-
tions against W. E. Davis and W. B. Davis, partners trading
as W. E. Davis & Son, issued on judgments in favor of the
plaintiff; that by virtue of said executions he levied on and
seized certain property in the possession of the defendants
in the executions and advertised it to be sold to satisfy the
same; that thereafter without selling the property and with-
out notice to plaintiff, he delivered it to " The First National
Bank," released the levy and returned the executions unsat-
isfied.

This action is brought to recover damages for the alleged
wrongful and unlawful action of the defendant in releasing
the property without satisfying the executions.

Two issues were submitted.

1. Was the property levied on by the defendant the prop-
erty of W. E. Davis & Son at the time of the levy?

2. What was the value of the property so levied on at the date of the levy?

On the trial the plaintiff introduced a witness—W. B. Davis, one of the defendants in the executions referred to— who testified that the property levied on was the property of W. E. Davis & Son.

The plaintiff then turned the witness over to the defendants' counsel, who began to cross-examine him, and asked him if he (witness) would swear that the property levied on was the property of W. E. Davis & Son? Witness answered that "he would and did do so." Whereupon defendant introduced, and put in evidence, a bill of sale, absolute in form, purporting to have been signed by W. E. Davis, and by the witness, W. B. Davis, comprising the said firm of W. E. Davis & Son, and asked witness if he made that bill of sale. To which the witness answered that he did, and drew it himself, and that "he gave that as security for a loan of $400, borrowed by him from the First National Bank, the party to whom it was made." Upon direct re-examination, plaintiff asked witness "what was the purpose and object of giving said bill of sale?" Defendant objected, because the bill of sale could not be attacked collaterally. The Court allowed the question, and the defendant excepted.

Witness answered: "I went to Burriss, President of the Bank, and asked him to loan me some money. He asked me what security I could give him? I told him all that I had was this property, and he consented to let me have it. I told him I had a blank bill of sale and would draw it up. I went off and returned with it. I kept the property in my possession from then, and before that, up to the time the Sheriff took it under the levy in 1885. We listed it in our name for taxation in 1883 and 1884, and also insured it in our name. At the time father signed the bill of sale I told him I had borrowed the money under the arrangements detailed above, and that we were giving this as security."

Plaintiff then offered in evidence the original sworn tax returns for year 1883 or 1884 of the First National Bank. Defendant objected. The Court asked plaintiff's counsel what was the object in introducing it? Plaintiff's counsel stated that as the First National Bank had set up a bill of sale for said property, which had been put in evidence by the defendants' counsel, that these tax returns were offered as some evidence to show that the Bank did not claim the property as its own during said years and did not not list it for taxation, and also in corroboration of the witness Davis.

W. E. Davis was re-called as a witness, and testified without objection: "I received notification from the Bank to come around and pay the interest on $400 every three months in advance, which we did pay for over two years."

After which W. B. Davis was then re-called by plaintiff, who testified that "we got several notices from the bank to come around and pay the interest on this loan, which we did pay." Defendants' counsel stated that he objected to this last evidence. Court allowed the testimony and defendant excepted.

There was a verdict for the plaintiff, and from the judgment thereon the defendants appealed.

*Messrs. J. D. Bellamy* and *W. L. Thompson,* for the plaintiff.
*Mr. D. L. Russell,* for the defendants.

DAVIS, J., (after stating the case). The first exception was as to the admissibility of the question asked the witness Davis as to the purpose and object of giving the bill of sale. It had been introduced by the defendant himself, and the witness Davis was examined in relation thereto with the manifest purpose, as the examination shows, of contradicting his statement that the property at the time of the levy belonged to Davis & Son. It is con-

ceded that the property when levied on by the Sheriff was in the possession of Davis & Son, the defendants in the execution, and when it was sought to impeach the witness on cross-examination by asking him if he had not made the bill of sale to the bank, he had a right to explain, if he could, the apparent contradiction between the statement made on his examination in chief and the bill of sale, which he, himself, was called on to prove; and it was competent for the plaintiff in this action to enquire into the real nature of the transaction, and to show that the bill of sale, though absolute on its face, was intended as a security and void as against his judgments. However it might be in a controversy between the bank and Davis, as between the plaintiff and the defendant in this action, it was competent to show by parol that the bill of sale was not absolute, but only intended as a security. This, we think, has been the law, certainly since *Gregory* v. *Perkins*, 4 Dev., 50; *Dukes* v. *Jones*, 6 Jones, 14.

As showing the character of the relation which the defendants in the execution bore to the property, it was also competent to show their continuous possession of it up to the time of the levy, and that they had listed it for taxation and had paid the taxes, and that the bank, in which the defendant alleged the title to be, did not give it in for taxation, and for this purpose the tax returns were admissible. *Austin* v. *King*, 97 N. C., 339.

This disposes of the 2d exception.

The third exception is to the statement of W. B. Davis in regard to the notices received from the bank to pay interest. W. E. Davis had previously testified, without objection, to the same fact, and we cannot see how the notification by the bank that interest was due, and the payment of the interest upon such notification, can be considered as a mere declaration of the bank and therefore inadmissible as "hearsay"

evidence, as insisted by counsel. The notification was an incident—the material fact was the payment of the interest—and that was competent.

Affirmed.